Gerald Barrett, Esq. SBN: 005855
WARD, KEENAN & BARRETT, P.C.
2141 East Camelback Road, Suite 100
Phoenix, AZ 85016
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Butler, as Trustee of the Plaintiff Taft-Hartley Trust Funds; Bryan DeWitt, as Trustee of the Plaintiff Taft-Hartley Trust Funds; Arizona Pipe Trades Health and Welfare Trust Fund, a Taft-Hartley Trust Fund; Arizona Pipe Trades Pension Fund, a Taft-Hartley Trust Fund; Arizona Pipe Trades Defined Contribution Pension Fund, a Taft-Hartley Trust Fund; Arizona Pipefitting Trades Joint Apprenticeship Trust Fund, a Taft-Hartley Trust Fund; Pipe Trades Industry Program of Arizona, a Trust; and, Local Union No. 469 of United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Trade, a Labor Organization, <br><br> Plaintiffs, <br><br> vs. <br><br> R. E. Lee Mechanical Contracting, Inc., an Arizona corporation, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT** |

Plaintiffs allege as follows:

**A.      Count One - Enforcement of Collective Bargaining Agreement**

1.      Count One is brought to enforce the terms of a collective bargaining agreement. Accordingly, the Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2.      Venue is appropriate as the delinquent employee fringe benefit contributions at issue are received by each of the Plaintiff Trust Funds at a depository in Phoenix, Maricopa County, Arizona.

3.      Each Plaintiff maintains its principal place of business in Phoenix, Maricopa County, Arizona.

4.      Plaintiff Local Union No. 469 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Industry (Local 469) is a labor organization within the meaning of the federal labor laws.

5.      Plaintiff Arizona Pipe Trades Health and Welfare Trust Fund, Plaintiff Arizona Pipe Trades Pension Trust Fund, Plaintiff Arizona Pipe Trades Defined Contribution Pension Trust Fund, Plaintiff Arizona Pipefitting Trades Joint Apprenticeship Trust Fund and Plaintiff Pipe Trades Industry Program of Arizona (collectively referred to as "Trust Funds") are each a designated third-party beneficiary to a multi-employer, collective bargaining agreement between Plaintiff Local 469 and various contractors, including Defendant.

6.      Each of the Plaintiff Trust Funds is empowered by the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001, et seq. to sue and be sued as an entity.

7.      Plaintiffs Bryan DeWitt and Aaron Butler are each duly appointed trustees of the Plaintiff Trust Funds.

8.      Defendant R.E. Lee Mechanical Contracting, Inc. maintains its principal place of business in Pima County, Arizona and conducts business in several Arizona counties.

9.      Defendant, at all relevant times, has been and remains bound by the terms of a collective bargaining agreement with Plaintiff Local 469 (Agreement) requiring, among other things, Defendant to comply with the reporting and fringe benefit payment obligations described herein.

10.      The Agreement requires Defendant to file a contribution report form on a monthly basis, with the various Plaintiff Trust Funds, listing the names of each employee performing covered work during the prior month and the number of hours worked by each employee.

11.      Under the Agreement, Defendant is further obligated to pay fringe benefit contributions to each of the various Plaintiff Trust funds based on the number of hours worked pursuant to the contribution rates set forth in the Agreement.

12.      Under the Agreement, Defendant is further required to deduct a specified amount from the wages of each employee who signed a dues authorization check off form and remit that to Plaintiff Local 469 as and for dues payment and a specific sum from each employee who signed an authorization a specific sum as and for a contribution to the political action committee.

13.      Defendant has filed contribution reporting forms for work performed in July and August 2019, but has not paid all contributions owed.

14.      Based on reports filed by Defendant and taking into account all payments received to date, Defendant owes:

A.      $42,858.90 for contributions for hours worked in July 2019;

B.      $35,608.63 for hours worked in August 2019.

15.      The Trust Agreements for the Plaintiffs Health and Welfare Fund, Pension Fund, Defined Contribution Plan and Joint Apprenticeship Fund provide for the assessment of liquidated damages in the amount of ten percent of the amount due when contributions are not timely paid.

16.      Based on reports filed by Defendant and taking into account all payments received to date, Defendant owes:

A.    $4,285.89 for liquidated damages relating unpaid contributions for hours worked in July 2019;

B.    $3,560.86 for liquidated damages relating unpaid contributions for hours worked in August 2019.

17.    The various Agreements and Declarations of Trust provide that Plaintiff Trust Funds are entitled to recover their attorneys' fees and court costs incurred as a result of collection efforts. This includes any post-judgment collection efforts.

18.    Plaintiffs have incurred and will continue to incur attorney's fees, court costs and other costs of collection.

19.    Plaintiffs are entitled to recover pre-judgment interest.

WHEREFORE, Plaintiffs pray that the Court grant judgment in their favor and against Defendant Employer (a) in the amount alleged for contributions and liquidated damages in the amounts alleged above; (b) ordering Defendant to prospectively report and make payments in a timely fashion; and; (c) and in the amount for Plaintiffs' prejudgment interest, attorneys' fees and all other relief deemed by the Court to be appropriate.

## C.    Count Two - Enforcement of ERISA

20.    Plaintiff Trust Funds incorporate paragraphs 2 through 19.

21.    Count Two is brought to remedy Defendant's breach of 29 U.S.C. § 1145. Accordingly, the Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 1132.

22.    By failing to pay contributions to the various Plaintiff Trust Funds, Defendant has breached 29 U.S.C. § 1145.

23.    As provided by 29 U.S.C. § 1132, Plaintiff Trust Funds are entitled to entry a judgment for the delinquent contributions, liquidated damages, pre-judgment interest, attorney's fees court costs and other relief.

WHEREFORE, Plaintiffs pray that the Court grant judgment in their favor and against Defendant Employer (a) in the amount alleged for contributions and liquidated

damages in the amounts alleged above; (b) ordering Defendant to prospectively report

and make payments in a timely fashion; and; (c) and in the amount for Plaintiffs'

prejudgment interest, attorneys' fees and all other relief deemed by the Court to be

appropriate.

Dated this 7th day of October 2019.

WARD, KEENAN & BARRETT, P.C.

s/Gerald Barrett
Gerald Barrett
2141 East Camelback Road, Suite 100
Phoenix, AZ 85016
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com
Attorney for Plaintiffs

**Certificate of Service**
I hereby certify that on the 7th
day of October, 2019, I electronically
transmitted the foregoing to the Clerk
of the U.S. District Court using the
CM/ECF System for filing and transmittal.

s/Mary Farley